**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT ALLEN SEARS,<br><br>                      Plaintiff,<br>   v.<br>WARDEN LINDA SAUNDERS,<br>                      Defendant. | Case No. 21-cv-00106-BAS-JLB<br><br>**ORDER:**<br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 3);**<br>**AND**<br>**(2) REQUIRING PLAINTIFF TO SHOW CAUSE RE: VENUE** |

Plaintiff, a resident of Ohio, filed this action on January 20, 2021 against Linda Saunders, the Warden of Federal Correctional Institution, Lompoc ("FCI Lompoc"). (Compl., ECF No. 1.) Plaintiff also concurrently filed a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"). (ECF No. 3.)

**I.  IFP MOTION**

Under 28 U.S.C. § 1915, a litigant who is unable to pay the filing fee to commence a legal action because of indigency may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

In Plaintiff's IFP Motion, he lists no accounts or assets and no sources of income, including any form of public assistance. (IFP Mot. ¶¶ 1, 4, 5.) Plaintiff also indicates that he is unemployed and has been for the past two years. (*Id.* ¶ 2.) However, Plaintiff states that he has no dependents and no expenses, including rent or mortgage payments, food, clothing, or credit card installment payments. (*Id.* ¶ 8.) He anticipates expenses for surgery for an unspecified injury and for this lawsuit, stating that he "goes half with lawyer on case" (suggesting a contingency fee arrangement), but does not specify an amount. (*Id.* ¶¶ 9–10.)

The only additional information Plaintiff provides to clarify his financial need is that he is "still injured." (*Id.* ¶ 11.)

It is difficult for the Court to discern Plaintiff's financial condition from these facts. It is not apparent how Plaintiff is obtaining the necessities of life, and in turn whether this source of funds can cover the required filing fee in this action. However, despite the questionable nature of Plaintiff's financial circumstances, the Court notes that Plaintiff has signed the IFP Motion affirming the truth of these allegations and **GRANTS** Plaintiff's IFP Motion. However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.

## II.   ORDER TO SHOW CAUSE RE: VENUE

Under the Federal Rules of Civil Procedure, a civil case may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, a district court must dismiss "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even where venue is proper, a district court still has discretion to transfer the action "[f]or the convenience of the parties and witnesses . . . to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).

"The Court may sua sponte raise improper venue so long as the defendant has not filed a responsive pleading and the parties are provided with an opportunity to respond to

the issue." *Eliason v. United States Dep't of Justice*, No. CV 20-00257 JAO-WRP, 2020 WL 3258407, at *1 (D. Haw. June 16, 2020) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted)); *Zhu v. Whinery*, 109 F. App'x 137, 138 (9th Cir. 2004) (affirming dismissal of case based on improper venue following an order to show cause). Plaintiffs bear the burden of demonstrating that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

Based on the Court's review of the Complaint, it appears venue is improper. The Complaint does not allege any basis for venue in the Southern District of California. None of the parties appear to reside in this district. As stated above, Plaintiff provides an Ohio address and no address for Defendant. Further, the underlying claims appear to arise from activity that took place at FCI Lompoc, which is located in the Central District of California. *See* FCI Lompoc, Bureau of Prisons, https://www.bop.gov/locations/institutions/lof/ (last accessed on Feb. 9, 2021) (listing county as Santa Barbara and judicial district as "Central California"); Jurisdiction Map for the Central Dist. of Calif., https://www.cacd.uscourts.gov/jurisdiction (last accessed Feb. 9, 2021) (identifying Santa Barbara County as part of the Western Division of the Central District).

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, by **March 10, 2021**, why this action should not be dismissed or transferred for improper venue. Plaintiff must file a response to this Order explaining why venue in the Southern District of California is proper. Alternatively, Plaintiff may consent to transfer the case to an appropriate venue. Plaintiff is cautioned that if he does not file any response to this Order by the deadline, this case will be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: February 10, 2021

Hon. Cynthia Bashant
United States District Judge